IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LEVOYER WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | CV-03-BE-2284-E |
| NHB INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

COMES NOW the plaintiff, by and through undersigned counsel, and moves this Honorable Court for an award of attorney's fees and expenses against the defendant as follows:

1. This was an action brought under the Family and Medical Leave Act ("FMLA"). Under the FMLA, a prevailing party is entitled to recover reasonable attorneys' fees and other costs of the action. See 29 U.S.C. §2617(a) and (b).

2. A jury verdict was entered in favor of the plaintiff and against the defendant on all counts in this action finding that the defendant interfered with the plaintiff's rights under the FMLA. The jury awarded

      backpay to the plaintiff. This was a successful outcome for the plaintiff; the plaintiff was the prevailing party in this action.

3.   This Court's discretion to allow fees is circumscribed by the requirement that fees be granted "absent special circumstances," as to which defendant has the burden of proof." See <u>New York Club, Inc. V. Carey</u>, 447 U.S. 54, 100 S. Ct. 2024 (1980); <u>Martin v. Heckler</u>, 773 F.2d 1145, 1150 (11th Cir. 1985). There are no such "special circumstances" herein. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." <u>Loranger v. Steirheim</u>, 10 F.3d 776 (11th Cir. 1994), citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) and <u>Norman v. Housing Authority of the City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988).

4.   **Hours Reasonably Expended.** Attachment 1 hereto is a summary of the time spent by plaintiff's counsel handling this matter in the pretrial and trial stages of this matter. Attorney Heather Leonard incurred **154.95 billable hours** through the conclusion of the trial of this matter. This record was kept contemporaneously with the time expended but has been modified to eliminate duplicative work and work which went

towards pleadings which were not filed.  The work documented was reasonably necessary for the successful prosecution of the plaintiff's claims.

5. **<u>Hourly Rate.</u>**  The hourly rate sought by attorney Heather Leonard is $225 an hour.  These rates are reasonable and consistent with attorney's fee awards for attorneys of similar skill and experience.

   a. Attachment 2 to this motion is the declaration of Kimberly Dodson.  Mrs. Dodson, a Birmingham School of Law graduate who was admitted to the bar of the State of Alabama in 2003, has been approved in federal court at an hourly rate of $200 an hour.

   b. Attachment 3 to this motion is the declaration of Adam Morel.  Mr. Morel, a Cumberland School of Law graduate who was admitted to the bar of the State of Alabama in 1994, testified in his affidavit that an hourly rate of $225 an hour is a reasonable rate for an attorney of the experience of the undersigned.

   c. Attachment 4 to this motion is the declaration of Sterling Deramus.  Mr. Morel, a graduate of the University of Alabama School of Law was admitted to the bar of the State of Alabama in

        1992, testified in his affidavit that an hourly rate of $225 an hour is a reasonable rate for an attorney of the experience of the undersigned.

    d.    The plaintiff is prepared to present the following witnesses to testify to reasonableness of the hourly rate requested by the undersigned if necessary: Sam Fisher and Jim Mendelsohn.

6.    The Court may also determine the appropriate lodestar by consideration of the twelve factors established in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).  See <u>Loranger</u>, 10 F.3d at 781.  Those facts as applied to this case are:

    a.    <u>Time and Labor Involved.</u>  Paragraph 4 *supra* sets for the time and labor expended by the undersigned.

    b.    <u>The novelty and difficulty of the questions.</u>  Claims brought under the FMLA present both difficult and novel questions due to the fact that it is a relatively new law with little case law interpreting its application (as compared to other employment statutes such as Title VII), and because FMLA cases call for fact intensive inquiries.

c. <u>Skill required to perform properly the legal services.</u> The undersigned submits that she has skill and experience in litigating claims in federal court and that such factors justify the hourly rates requested.

d. <u>Preclusion of other employment.</u> The undersigned attorney was not precluded from accepting other representation because of this case.

e. <u>The customary fee.</u> The fees customarily awarded in this type of case are discussed *supra* in paragraph 5.

f. <u>Whether the fee is fixed or contingent.</u> The fee arrangement in this case was contingent.

g. <u>Time limitations imposed.</u> This case went to trial less almost two (2) years after it was filed.

h. <u>Results obtained.</u> The plaintiff prevailed on his legal claim; the result was therefore a good result for both the plaintiff and public interest.

i.  <u>Attorney's experience, reputation and ability.</u>  The declarations attached hereto as Exhibits 2 - 5set forth the experience, reputation and ability of plaintiff's counsel.

j.  <u>"Undesirability" of the case.</u>  Due to the complicated nature of FMLA case which often involves proving a case when the majority of witnesses and documents remain under the exclusive control of a defendant, many members of the segment of the bar find this type of case to be undesirable.  Due to the fact that the damages under the FMLA do not include compensation for emotional injuries or punitive damages, the limited nature of awards under FMLA leads many members of the employment bar to find FMLA cases undesirable.  Representing plaintiffs in employment litigation, such as FMLA litigation,  is undesirable for several reasons which are applicable to this case: (1) the plaintiffs almost always lack the financial resources to pay for even routine expenses and attorney's fees; (2) many cases are lost without compensation or reimbursement for even out-of-pocket expenses; and (3) considerable time can pass before any attorney's

fees are even considered. The most undesirable part of an employment case is the attorney fee phase. The plaintiff's attorney is often required to expose to the critical scrutiny of his adversary and the court every aspect of his work in the particular case. The hearing on the fee petition may also requires plaintiff's attorney to call on other attorneys to examine and scrutinize his work. This inspection is highly undesirable.

k.  <u>Nature and length of professional relationship with client.</u> The undersigned have no prior professional relationship with this client and expect to have no professional relationship with her in the future.

l.  <u>Awards in similar cases.</u> The declarations attached hereto set forth that judges in this district have awarded, or approved, fee awards of $300 per hour. The undersigned has been previously approved at an hourly rate of $175 an hour by this Court after a jury verdict was rendered in favor of the undersigned's client in 2004.

7.  Based on the hours expended in the case, the hourly rates appropriate to the attorney involved, and the application fo the standards set forth in <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714 (5th Cir. 1974), <u>Norman v. Housing Authority of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988) and <u>Pennsylvania v. Delaward Valley Citizens' Council for Clean Air</u>, 107 S. Ct. 3078 (1987), to the facts of this case, plaintiff's attorney requests an award of **$34,863.75** in attorney's fees.  The plaintiff further incurred expenses in the total amount of **$1,681.13**; as set forth in the Bill of Costs filed with this Court.  <u>See</u> <u>Dowdell v. City of Apopka, Florida</u>, 698 F.2d 181 (11th Cir. 1983).   This amount requested is reasonable considering plaintiff's counsel's skill and reputation and the prevailing rates in the market.

WHEREFORE, PREMISES CONSIDERED, plaintiff requests the entry of judgment awarding her the foregoing amounts as attorneys' fees and expenses pursuant to 29 U.S.C. §2617(a) and (b).

                                        Respectfully submitted,

                                        /s/Heather Newsom Leonard
                                        Heather Newsom Leonard
                                        Bar ID:  ASB-1152-O61H
                                        COUNSEL FOR PLAINTIFF

HEATHER LEONARD, P.C.
The Gross Building
2108 Rocky Ridge Road
Suite 1
Birmingham, AL 35216
phone: (205) 978-7899
facsimile: (205)278-1400
e-mail: Heather@HeatherLeonardPC.com

CERTIFICATE OF SERVICE

The undersigned hereby informs the court that a copy of the foregoing has been served via the Court's electronic filing system on February 13, 2006, on the following:

Mark J. Romaniuk, Esq.
Craig Borowski, Esq.
Baker & Daniels
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204-1782

Respectfully submitted,

s/Heather N. Leonard
Of Counsel